NEW-YORK,
May, 1814.

Youle *against* Graham, Wilson, and Henry.

Youle
v.
Graham.

P. W. RADCLIFF, for the plaintiff, moved for a writ of *pro-cedendo* in this cause to the mayor's court of the city of *New-York.*

The suit was originally commenced in the mayor's court, and *Henry,* one of the defendants, only was taken. The plaintiff issued another writ against *Graham* and *Wilson,* to answer together with *Henry,* on which *Graham* only was taken. *Graham* appeared by attorney, and *Henry* in proper person. A *habeas corpus cum causa, &c.* as to the defendants, *Graham* and *Henry,* was taken out, to remove the cause to this court, returnable at the last term. On the 24th *January* last, the plaintiff's attorney demanded, in writing, of the attorney of *Graham* and *Henry,* to file special bail for all the defendants, within twenty days, so that the plaintiff might proceed to declare against them in this court. It did not appear that any rule had been entered by the plaintiff's attorney for the defendants to appear, or that a *pro-cedendo* issue ; and no bail had been put in by the defendants.

Where a cause had been removed to this court by *habeas corpus,* the plaintiff must enter a rule for the defendant to appear in 20 days, or that a *procedendo* issue, and serve a notice thereof on the defendant, before he can be entitled to move for a *procedendo,* for want of bail in this court. Where the action is against *two* defendants in the court below, and one only is taken, and removes the cause by *habeas corpus,* whether he must put in bail in this court, for both defendants or not, *quære.*

*Slosson* objected, that by the 10th rule of *October* term, 1796, the plaintiff, before he could be entitled to a *procedendo,* must enter a rule that the defendants appear within twenty days, and make affidavit of the service of notice of such rule on the defendants.

*Radcliff,* in reply, said the plaintiff could not enter such a rule, as only two of the defendants were in this court. In *Fry* v. *Carey,** where an action was brought in the sheriff's court against two partners. and one of them brought a *habeas corpus* and put in bail for himself only, the court of K. B. granted a *procedendo,* for, otherwise, the plaintiff would be unable to proceed in either court.

* 1 *Stra.* 527.
2 *Sell. Prac.* 381.

*Per Curiam.* The plaintiff, to entitle himself to a *procedendo,* should have proceeded according to the rules of the court, to compel an appearance in this court. How that appearance is to be effected, it is not necessary now to decide. As the plaintiff has not entered any rule for an appearance, the motion must be denied.                    Motion denied.