ALBANY,
Feb. 1825

Snowden
v.
Roberts.

*Motion granted.*

SNOWDEN *against* ROBERTS, impleaded with HAYS, ALLISON AND SMITH.

AN action of trespass *quare clausum fregit* had been commenced against the defendants in the C. P. of the city of New York, by Snowden; and the *capias ad respondendum* returned there *cepi corpora.* The damages were laid at $500 only, both in the *capias* and declaration, both of which were against all the defendants jointly. Issue being joined and the cause noticed for trial, Roberts alone sued out a *habeas corpus* in the cause, directed, by mistake, " to the Judges of the Court of Common Pleas," without saying of what Court, and the writ then ran thus : " We command you that you have the body of Elijah J. Roberts, who is impleaded with Jacob Hays, Robert Allison, and Daniel Fell Smith, detained in your prison, &c., together, &c. at the suit of Thomas Snowden, &c. The writ of *habeas corpus* was returnable at the present term; but not yet returned. Roberts appeared separately from the other defendants in the Court below, by his attorney, and the other defendants appeared by their attorney. The *habeas corpus* was allowed by the commissioner, upon an affidavit that the title to land would come in question in the cause : and it was sued out at the instance of Roberts alone; and the

A motion to supersede a *habeas corpus, cum causa,* will be heard, tho' the writ be not returned.

Though a *habeas corpus cum causa* be not properly directed, it lies with the Court below to object to this; not with the party; who cannot move to supersede it on this ground, after the Court below have acted upon it.

Though the sum in question do not exceed $500, in a cause in the C. P. of New York, (vid. sess. 46, ch. 207,) yet if it appear by affidavit that the title to land will

come in question, the cause is removable by *habeas corpus.*

One of several defendants returned, taken in the court below, may sue out a *habeas corpus,* but, to avoid a *procedendo,* he must put in bail for all the defendants, according to the 10th general rule of October term, 1796.

Court below received it as a supersedeas, and refused to 'go on with the trial, at the last January term, when it was filed.

*Blunt & Johnson*, now moved to supersede the writ of *habeas corpus;* 1. Because the amount demanded was only $500. To warrant a *habeas corpus* to the Common Pleas of the city of New York, the amount demanded should exceed that sum. (Laws, sess. 46, ch. 207.) 2. Because the *habeas corpus* had no direction. It should be directed to the Judges of the Court in which the record is. (Tidd. Pr. 336.) And though the Court may not quash the writ, it not being returned, yet for a misdirection, they will supersede it. (*Woodcraft* v. *Kinaston,* 2 Atk. 318.) In *Daniel* v. *Phillips,* (4 T. R. 499,) the Court did not deny that a misdirection would be fatal, if objected to before the return; though they held that a return would cure the defect. 3. Only one defendant is ordered to be brought up by the writ. (*Fry* v. *Carey,* 1 Str. 527. *Youle* v. *Graham and others,* 11 John. Rep. 199.)

*S. M. Hopkins,* contra, objected, that the *habeas corpus* not being returned, there is no cause in Court. The proper course would have been for the party to move for a *mandamus,* commanding the Court below to proceed in the cause, but the Court will not set the writ aside. (*Clark* v. *Lawrence,* 1 Cowen's Rep. 48–9.) The cause involving a question of title, the amount of damages does not govern. (Laws, sess. 46, ch. 207.)

The defect in the direction is supplied by filing the writ with the Court of New York. At any rate, the objection as to this is formal, and the writ may be amended. (*Gordon* v. *Smedes,* 16 John. 145.) That one of several defendants may remove a cause by *habeas corpus,* he cited, *Fry* v. *Carey,* (Str. 527,) and 1 Dunl. Pr. 224–5.

*Curia.* The motion to supersede the writ is proper, though it be not returned. We, therefore, disallow the preliminary objection. But the motion must be denied upon the merits. The Court below have received and acted upon the writ, and it does not lie with the party to object after this.

(*Daniel* v. *Phillips*, 4 T. R. 499.) At most, the objection is of mere form, and might be obviated by amendment. The Court below are the proper party to object.

The exception, that the suit was for $500 only, is removed by the affidavit that the title to land would come in question. The statute, (sess. 46, ch. 207,) which denies a *habeas corpus* to the New York Common Pleas, when the sum does not exceed $500, excepts the case where title to lands or tenements will come in question.

. One of several defendants may remove a cause by *habeas corpus.* On the return of the writ, if the defendant do not, upon being ruled, proceed according to the 10th general rule of October term, 1796, the plaintiff may issue a *procedendo.* The only difference in the proceedings, between a sole defendant and where there are several, is, that in the latter case the one who sues out the *habeas corpus* must see that bail is in for himself and his co-defendants. (*Fry* v. *Carey*, 1 Str. 527. *Youle* v. *Graham et al.* 11 John. 199. 1 Dunl. Pr. 225.)

Motion denied.